UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SIVA BLACK,                    )
    Petitioner,                )
                               )
        v.                     )  C.A. No. 11-10751-MLW
                               )
ROBERT MURPHY,                 )
SUPERINTENDENT,                )
    Respondent.

## MEMORANDUM AND ORDER

WOLF, D.J.                                    March 17, 2013

Pro se petitioner Siva Black, a/k/a Gary Black ("Black"), is a state pretrial detainee. On April 22, 2011, while confined at the Bridgewater State Hospital ("BSH"), a psychiatric facility, Black filed a self-prepared petition for writ of habeas corpus challenging his custody at BSH (the "habeas petition") (Docket No. 1). Black has also filed, in this case, a Petition to Move [Remove the Civil Commitment Proceedings] to Federal Court as Federal Question Under the Constitution and Laws of the United States (the "Petition to Remove")(Docket No. 3) and a Motion to Dismiss Civil Proceeding for RFRA [the Religious Freedom Restoration Act of 1993] Violations (the "Motion to Dismiss") (Docket No. 4). Black has recently also filed a change of address form informing the court that, as of February 1, 2012, he is detained at the Nashua Street Jail.

On January 19, 2012, the respondent, Superintendent Robert

Murphy, filed a memorandum of law opposing petitioner's petition and other filings as meritless and requesting that the habeas petition be dismissed for failure to exhaust state remedies.

Subsequently, Black filed three motions: a Motion to Amend Pleading (Docket No. 18); a Motion for Injunctive and Declaratory Enforcement of 42 U.S.C. §§2000cc et seq. (Docket No. 22); and a Motion to Limit Use of Report by Dr. Myers (Docket No. 23).

To the extent that the habeas petition requests Black's removal from BSH, it is moot because he is no longer confined at BSH.

Black's allegations, in the habeas petition and subsequent submissions, that he was unlawfully confined at BSH are civil rights claims that must be brought in an action under 42 U.S.C. §1983, rather than in a habeas petition because he is challenging the conditions of his confinement, not his detention, and does not allege that his confinement at BSH will have an effect on the timing of his release. See Tyree v. Pepe, 2010 WL 3810854 *2 (D. Mass. Sept. 27, 2010); Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Dismissal of these claims without prejudice is appropriate because the substantive and procedural differences between habeas and civil rights claims make it difficult to convert a habeas petition into a

2

civil rights action. See Glaus v. Anderson, 408 F.3d 382, 388-390 (7th Cir. 2005); Fink v. Grondolsky, C.A. No. 10-40061, 2010 WL 1427527 at *2-4 (D. Mass. Apr. 7, 2010). Important differences between these types of proceedings include: (1) the identity of the defendant (the warden versus the doctors, guards, or others responsible for the alleged injury); the amount of the filing fee ($5 versus $350); (3) the way in which exhaustion must be accomplished if the Prisoner Litigation Reform Act ("PLRA") applies; (4) the type of restriction on successive lawsuits; and (5) the availability of money damages. See id.; see also Muhammad v. Close, 540 U.S. 749, 751(2004).

As the instant habeas corpus petition is moot, Black's motions are also moot.

In view of the foregoing, it is hereby ORDERED that the Habeas Corpus Petition (Docket No. 1) is MOOT and, is therefore, DISMISSED without prejudice to the refiling of his claims seeking relief other than his transfer from Bridgewater State Hospital.

United States District Judge